IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Hester Gasque, Individually, Leslie Brown, individually and as mother and legal guardian of Mickayla S. Brown, her minor daughter, <br><br> Plaintiffs, <br> vs. <br><br> Williamsburg County School District, Ernestine Young, in her individual capacity, and Ralph C. Fennell, Jr. in his individual capacity, <br><br> Defendants. | Civil Action No#:4:07-cv-01757-RBH <br><br><br> **SECOND AMENDED COMPLAINT** |

**SECOND AMENDED COMPLAINT**

Plaintiff, Hester Gasque, individually, Plaintiff, Leslie E. Brown, individually and as the mother and legal guardian of Mickayla S. Brown, her minor daughter, complaining of the above-named Defendants, would respectfully show unto this Honorable Court the following:

**I. Parties, Jurisdiction and Venue**

1. That the Plaintiff Hester Gasque is a citizen and resident of Williamsburg County, State of South Carolina.

2. That the Plaintiff Leslie E. Brown is a citizen and resident of Williamsburg County, State of South Carolina, and is the mother and legal guardian of Mickayla S. Brown, her minor daughter.

3. That the minor Plaintiff, Mickayla S. Brown, is also a resident of Williamsburg County, South Carolina and is 11 years old, having been born on September 8, 1995.

4. That Defendant Williamsburg County School District (hereinafter "District") is a subdivision of the State of South Carolina located in Williamsburg County, South Carolina.

5. That upon information and belief, Defendant Ernestine Young (hereinafter "Young") is a citizen and resident of Williamsburg County, South Carolina.

6.     That upon information and belief, Defendant Ralph C. Fennell, Jr. (hereinafter "Fennell") is a citizen and resident of Williamsburg County, South Carolina.

7.     That this Court has jurisdiction over this action pursuant to 28U.S.C. §§ 1331 and 1343, because this action is based on 42U.S.C. §§ 1981, 1983, 2000 (d) et. seq., and 2000(e) et. seq. and Title 14, 20 U.S.C. § 1681.

8.     That this Court has jurisdiction over the state court claims in this action pursuant to 28 U.S.C. § 1367 (1990), because said state court claims are so related such that they form part of the same case or controversy as the federal claims over which this Court has original jurisdiction.

9.     That venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 because the Defendants are situated in, or reside in the Florence judicial division, and the wrongful acts giving rise to Plaintiffs' claims were committed in the Florence judicial division.

## II. Facts

10.    That the Plaintiff Leslie Brown's daughter, Mickayla Brown, age 11 years old at the time of the events alleged in the complaint (hereinafter referred to as Mickayla), is a black female and was a student attending the DP Cooper Elementary School in Salters, Williamsburg County, South Carolina from on or about September 22, 2006 until or about November 8, 2006, a school within the Defendant Williamsburg County School District.

11.    That the Defendant, Ernestine Young, was at all times relevant hereto, the Principal of DP Cooper Elementary School.

12.    That the DP Cooper Elementary School was at all times relevant hereto a Title One (1) School where virtually all the students attending were receiving federally assisted free and subsidized meals.

13.    That all times relevant hereto, Mickayla was the recipient of federally assisted subsidized meals while attending the DP Cooper Elementary School.

14.    That at all times relevant, the Defendant Williamsburg County School District was a Title (1) One public school district in which over ninety (90%) percent of the students attending were receiving federally assisted subsidized meals.

15. That at all times relevant hereto, Defendant Ralph C. Fennell, Jr. (Fennell) was the Superintendent, the effective chief executive officer, of the Defendant, Williamsburg County School District.

16. That the Defendant Williamsburg County School District is an educational program of activity receiving federal financial assistance within the meaning of 42 U.S.C. §§ 2000(D) et. seq.

17. That throughout the time Mickayla attended the DP Cooper Elementary School from on or about September 22, 2006 through on or about November 18, 2006 Mickayla was frequently subjected to racial slurs and cursed at in a racially hostile manner by other students throughout the building in which DP Cooper Elementary School is physically located, throughout the school day while Mickayla was required by law to present in such building, including the classrooms, in the halls, on the playground, and in the lunchroom, as well as on the school bus to and from school.

18. That throughout the time Mickayla attended the DP Cooper Elementary School from on or about November 16, 2006 Mickayla was frequently subject to sexually offensive and hostile slurs, insults and behavior, throughout the building in which DP Cooper Elementary School is physically located, throughout the school day while Mickayla was required by law to be present in such building, including the classrooms, in the halls, on the playground and in the lunchroom, as well as on the school bus to and from school.

19. That the racial and sexual slurs, insults and behavior were so pervasive and aggressive that the Defendant Young knew or reasonably should have known about it.

20. That the Plaintiffs Hester Gasque and Leslie Brown complained to the Defendant at least once a week about the racial and sexual slurs, insults and hostile behavior that Mickayla was subjected to throughout the time Mickayla attended DP Cooper Elementary School.

21. That the Defendant Young ignored and/or was consciously indifferent to the racial and sexual slurs, insults and hostile behaviors that Mickayla was frequently subjected to at DP Cooper Elementary School.

22. That the Defendant Young did nothing to remedy the racially and sexually hostile education environment Mickayla was subject to while a student at DP Cooper Elementary School.

23. That the Defendant Young facilitated and permitted the racially and sexually hostile environment that Mickayla was subjected to while a student at DP Cooper Elementary School by failing to remedy the situation.

24. That when the Plaintiffs complained to the Defendant Young about Mickayla being subject to racial and sexual slurs and hostile behavior while Mickayla was a student at DP Cooper Elementary School, the Defendant Young as the Principal and Chief Administrator of DP Cooper Elementary School, through her acts and omissions, tacitly condoned and facilitated the continued subjection of Mickayla to racial and sexual slurs, insults and hostility to the point where Mickayla became physically and emotionally traumatized and could no longer attend school in the school building located at DP Cooper Elementary School located at 4568 Seaboard Road in Salters, Williamsburg County, South Carolina and had to be put on medically necessary and approved "Homebound Instruction" for the remainder of the school year, subsequent to November 8, 2006.

25. That the racial and sexual slurs and insults that Mickayla was frequently subject to while a student at DP Cooper Elementary School were highly offensive, unwelcomed and racially and sexually motivated.

26. That the racial and sexual slurs and insults that Mickayla was frequently subjected to while a student at DP Cooper Elementary School were severe and pervasive enough to create an environment that a reasonable young girl Mickayla's age would find hostile, abusive and intimidating.

27. That the racial and sexual slurs and insults that Mickayla was frequently subject to while a student at DP Cooper Elementary School were allowed by the administrative staff at DP Cooper Elementary School, including the Defendant Young, to escalate to the point where Mickayla was physically threatened, assaulted and battered.

**For a First Cause of Action**

(Violation of 42 U.S.C. §§ 2000(d) et. seq.)

28.     That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

29.     That the Defendants, as above stated, by their acts and omissions, excluded Mickayla from participating in and denied Mickayla the benefits of and subjected Mickayla to racial discrimination in a program or activity, receiving federal financial assistance, in violation of Mickayla's rights under 42 U.S.C. §§ 2000(d) et. seq. by subjecting Mickayla to a racially hostile educational environment.

30.     Section 601 of Title VI of Chapter 21 of Title 42 of The Civil Rights Law, subchapter V prohibits the allowance of a racially hostile educational environment in schools and programs receiving federal financial assistance and provides for a private cause of action for such violations.

31.     As a direct and proximate result of Defendants' conduct, as stated above, in violation of 42 U.S.C. §§ 2000(d) et. seq. Mickayla has been damaged in that she had been deprived of the right to physically attend school at the DP Cooper Elementary School located at 4568 Seaboard Road, Salters, South Carolina, and has to now receive medically necessary and authorized homebound instruction subsequent to November 8, 2006, because she was so physically and emotionally traumatized by the racially hostile educational environment she was subjected to at DP Cooper Elementary School that she could no longer physically attend school there.

32.     That a direct result of Defendants' conduct in violation of 42 U.S.C. §§ 2000(d) et. seq. as above stated Mickayla has suffered physical illness, physically trauma and emotional distress to the point where Mickayla needed medicine and medical treatment, suffered physical symptoms, psychological disturbances, conduct and personality change, and needed counseling.

33.     That the Defendant Williamsburg County School District knew or should have known of the racially hostile educational environment that Mickayla was subject to at the DP Cooper Elementary School as above stated, and the Defendant District failed to respond adequately to redress that racially hostile environment.

34.  That the Defendant Williamsburg County School District as a recipient of federal assistance has a general duty to provide a non-discriminatory educational environment.

35.  That the United States Department of Education according to 59 Fed. Reg. at 1449, defines a racially hostile environment as "one in which racial harassment is severe, pervasive or persistent so as to interfere with or limit the ability of an individual to participate on or benefit from the activities or privileges provided by the recipient."

36.  That the racially hostile education environment that Mickayla was subjected to at DP Cooper Elementary School was so severe, pervasive and persistent that it caused Mickayla such physical and emotional trauma that she could no longer personally attend school and had to be transferred pursuant to medical necessity to homebound instruction.

37.  That the Defendants actions and omissions, as above stated, were intentional, willful, malicious and in reckless disregard of Mickayla's federally protected rights and Mickayla is entitled to actual, consequential and compensatory damages, as well as reasonable attorney fees and costs under 42 U.S.C. §§ 1988 against all Defendants, and punitive damages against Defendant Young.

### For a Second Cause of Action
(Title IX, 20 U.S.C. §§ 1081(A))

38.  That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

39.  That the Defendants as stated above were deliberately indifferent to the sexual harassment of Mickayla as stated above, of which the Defendants had actual knowledge and that the sexual harassment of Mickayla was so severe, pervasive and objectively offensive that it deprived Mickayla from access to the educational opportunities and benefits provided by the Defendants.

40.  That the Defendants were deliberately indifferent to the known acts of student on student sexual harassment of Mickayla.

41.  That the Defendants had the authority to take remedial action to remedy the sexual harassment of Mickayla at DP Cooper Elementary School and willfully failed to take such available remedial action.

42.  That the sexual harassment of Mickayla took place in a context subject to the Defendants control.

43.     That the sexual harassment of Mickayla by other students as above stated occurred during school hours and on school ground.

44.     That the Defendants at all times relevant hereto had disciplinary authority over the students sexually harassing Mickayla.

45.     That the Defendants' deliberate indifference to the sexual harassment of Mickayla by other students was clearly unreasonable in light of the circumstances.

46.     That the sexual harassment that Mickayla was subject to at DP Cooper Elementary School was so severe, pervasive and objectively offensive that it undermined and detracted from her educational experiences and had a concrete negative effect of Mickayla's ability to receive an education.

47.     That Defendants actions, as above stated, were intentional, willful and in reckless disregard of Mickayla's federally protected rights. Mickayla is entitled to actual, consequential and compensatory damages, as well as reasonable attorneys fees and costs under Title IX, 20 U.S.C. §§ 1681 (A).

### For a Third Cause of Action

(Violation of Civil Rights- 42-U.S.C.-§§1983)

48.     That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

49.     That while acting under color of state law as an agent of Defendant District, Defendant Young, acting within the course and scope of her employment with the Defendant District, has discriminated against Mickayla by not providing an educational environment free from racial and or sexual harassment.

50.     That as a direct and proximate result of Defendants' conduct Mickayla has suffered damages in that she has had to endure racially and sexually hostile cursing and threats to the extent that she was so physically and emotionally traumatized that she could no longer personally attend school and had to be limited to medical necessary homebound instruction. That Defendants unlawful acts were grossly negligent and reckless with regard to Mickayla's protected rights. That, as such, Mickayla is entitled to actual, consequential, and compensatory damages against the Defendants and punitive damages against the Defendant Young, as well as reasonable attorney fees.

### For a Fourth Cause of Action

(Retaliation – Violation of Title VI and Title XI)

51.     That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

52.     That the Plaintiffs Hester Gasque and Leslie Brown met with and complained to the Defendant Fennell, in Defendant Fennell's capacity as Superintendent and CEO of the Defendant District, at Defendant Fennell's office on November 16, 2006, about the racial and sexual harassment Mickayla was being subject to at the DP Cooper Elementary School, as stated above.

53.     That the Defendant Fennell retaliated against the Plaintiffs for complaining about Mickayla's sexual and racial harassment, acting within the course and scope of his employment with the Defendant District, by calling the South Carolina Department of Social Services or causing the South Carolina Department of Social Services to be called by Ernestine Young, to institute a Child Protective Services Investigation of the Plaintiffs and Plaintiffs' household for being the cause of the abuse and neglect of Mickayla.

54.     That pursuant to the prompting of the Defendant(s) Fennell *and/or Young*, the South Carolina Department of Social Services did institute an investigation to the great embarrassment and humiliation of the Plaintiffs and Mickayla, of the Plaintiffs and the Plaintiffs' household.

55.     That pursuant to the retaliatory investigation prompted by the Defendant(s) Fennell, and/or Young, Mickayla was subject to a humiliating and embarrassing strip search and physical examination, causing Mickayla to suffer emotional trauma and the Plaintiffs to suffer acute embarrassment, shame, humiliation and emotional trauma as well

56.     That the South Carolina Department of Social Services Child Protective Services, investigation of the Plaintiffs and the Plaintiffs' household began the very day after the Plaintiffs met with the Defendant Fennell.

57.     That there was no reasonable basis or justification for the Defendant(s) Fennell and/or Young to initiate or cause to be initiated a South Carolina Department of Social Services Investigation of the Plaintiffs, and the Plaintiffs' household for abuse and neglect of Mickayla.

58. That on December 29, 2006, the South Carolina Department of Social Services determined that the Child Protective Services Investigation initiated on November 17, 2006 at the prompting of the Defendant(s) Fennell and/or Young was unfounded and that abuse and neglect of Mickayla by the Plaintiffs was ruled out by the investigation.

59. That the Defendant(s) Fennell and/ or Young retaliated against the Plaintiffs for complaining about the racial and sexual harassment of her daughter Mickayla at the DP Cooper Elementary School by blaming the Plaintiffs for the physical and emotional trauma suffered by Mickayla and initiating a Child Protective Services investigation by the South Carolina Department of Social Services.

60. That, upon information and belief, any reasons asserted by the Defendant(s) Fennell and/or Young for prompting a Child Protective Services South Carolina Department of Social Services investigation of the Plaintiffs about abuse and neglect of Mickayla are false and are a pretext for unlawful retaliation against the Plaintiffs for not backing off the complaints made by the Plaintiffs for the racial and sexual harassment of Mickayla that occurred at the DP Cooper Elementary School.

61. That the Defendant(s) Fennell's and/or Young's retaliation against the Plaintiffs directly and proximately caused the Plaintiffs to suffer actual damages in the form of emotional trauma, emotional distress, humiliation, embarrassment, loss of sleep, and illness.

62. That upon information and belief, the Defendant(s) Fennell's and/or Young's retaliation against the Plaintiffs was intentional and in reckless disregard for her rights to be free from same. Plaintiffs are entitled to recover punitive damages against the Defendant(s) Fennell and/or Young n an amount to be determined by a jury in an amount sufficient to deter the Defendant(s) Fennell and/or Young from engaging in such retaliatory actions in the future.

63. That Plaintiffs are also entitled to an award of reasonable attorney fees, expert witness fees and costs incurred in bringing this action.

64. That at all times relevant to the Defendant Fennell's retaliation against the Plaintiffs, the Defendant Fennell was acting as the Superintendent and CEO of the Defendant Williamsburg County School District, and within the course of and scope of his employment with the Defendant Williamsburg

County School District. Further, at all times relevant to Defendant Young's retaliation against the Plaintiffs, the Defendant Young was acting as the Principal of DP Cooper Elementary School, and within the course and scope of her employment with the Defendant Williamsburg County School District.

65.     That upon information and belief, Defendant Young will file a counterclaim against Plaintiffs alleging that they falsely identified her, without cause or justification, of being the reporter to DSS. This is frivolous counterclaim, as the Family Court, upon review of the DSS file and other considerations, revealed that Young was the reporter. Thus, there has been a judicial determination of who the reporter was. This counterclaim is yet another act of retaliation on the part of Young.

### For a Fifth Cause of Action

(Defamation - Libel and Slander)

66.     That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

67.     That on or about November 17, 2006, without cause, proof or justification, the Defendant Williamsburg County School District, acting by and through the Defendant Fennell, acting within the course and scope of his employment with the Defendant District, falsely accused and/or caused Ernestine Young to falsely accuse the Plaintiffs Hester Gasque and Leslie Brown of abuse and neglect of Mickayla.

68.     That the adult Plaintiffs were at all times private figures. As such, this is a maintainable action pursuant to the S.C. Tort Claims Act under the authority of Gause v. Doe, 317 S.C. 39, 451 S.E.2d 408 (1994) and Goodwin v. Kennedy, 347 S.C. 30, 552 S.E.2d 319 (2001). Any assertion that this case is not properly before the Court and maintainable under the S.C. Tort Claims Act and otherwise, is fully without merit.

69.     That the statements made by the Defendant District, acting by and through the Defendant Fennell and/or Young, were published to the South Carolina Department of Social Services and filtered through the public at large about the Plaintiffs, and impeached the Plaintiffs' integrity and reputation by alleging that she was a child abuser. The statements were false, about the Plaintiffs, defamatory, and damaging.

70.     That the libel and slander of the Defendant District, acting by and through the Defendant Fennell and/or Young, turned out to be without evidentiary support. After its own investigation, the South

Carolina Department of Social Services found on December 29, 2006 that the charges of child abuse and negligence against the Plaintiffs were "unfounded" and that "abuse and neglect were ruled out".

71. That as a result of the Defendants' libel and slander, Plaintiffs' integrity and reputation within the community have been damaged. That because such damages are actionable per se, the Plaintiffs' damages are legally presumed. In addition, the Plaintiffs have special damages.

72. That then eleven year old Mickayla was also libeled and slandered by Young and/or Fennell of having illegal sexual relations with an adult male.

73. That the libel and slander referred to above were actionable per se in that it falsely accused the Plaintiffs of committing a crime.

### For a Sixth Cause of Action

(Invasion of Privacy - Intrusion)

74. That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

75. That in the course of the DSS investigation caused by the Defendants, the Plaintiffs, both the guardian individually and the minor, were intruded upon. That as a result of the Defendants' actions, there was an intrusion into that which is private, and further was substantial and unreasonable enough to be legally cognizable. The said actions by the Defendants were intentional. Among other things, the minor Mickayla was forced to be stripped searched and examined. As such, she is entitled to damages.

### For a Seventh Cause of Action

(For Abuse of Process)

76. That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

77. That the Defendant District, acting by and through the Defendant Fennell and/or Young, acting within the course and scope of his employment with the Defendant District, willfully and with malicious intent, called or caused to be called, the South Carolina Department of Social Services with a report of abuse and or neglect of the Plaintiffs of Mickayla with the ulterior purposes of punishing the Plaintiffs for complaining about the racial and sexual harassment of Mickayla at DP Cooper Elementary School, and to

intimidate the Plaintiffs into backing off from those complans of racial and sexual harassment of Mickayla.

78. That the Defendant District acting by and through the Defendant Fennell and/or Young, initiated the call to the South Carolina Department of Social Services to initiate an investigation of the Plaintiffs for abuse and neglect of Mickayla to obtain the collateral advantage of causing the Plaintiffs to back off from or drop the Plaintiffs' charges of racial and sexual harassment against the Defendant District.

79. That the actions of the Defendants were made with an ulterior purpose and further they were willful acts and a use of the process not proper in the regular conduct of the proceeding.

80. That as a direct result of the Abuse of Process by the Defendant District, acting by and through the Defendant Fennell and/or Young, the Plaintiffs suffered emotional distress, emotional trauma, loss of sleep and physical illness, and is entitled to actual and compensatory damages against the Defendant Williamsburg County School District.

## For an Eighth Cause of Action

(Grossly Negligent Hiring and Retention)

81. That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

82. That the Defendants owed duty to the Plaintiffs.

83. That upon information and belief, the Defendants' employees, acting within the course and scope of their employment, as employer, had foreseeability of harm to the Plaintiffs. That the Defendants breached those duties owed to the Plaintiffs.

84. That as a consequence, the Plaintiffs have been damaged.

85. That the Defendants were grossly negligent in hiring and retaining the Defendants' agents and employees, proximately causing the injuries and damages suffered by the Plaintiffs. These occurrences are separate and distinct from the numerous other individual occurrences constituting the other causes of action.

86. That the Defendants are owing to the Plaintiffs for damages.

### For an Ninth Cause of Action

(Gross Negligence)

87.     That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

88.     That throughout the time Mickayla attended the DP Cooper Elementary School from on or about September 22, 2006 through on or about November 16, 2006, Mickayla was frequently subjected throughout the day to violent physical abuse by the other students throughout the entire building in which the DP Cooper Elementary School is physically located, and where Mickayla was required by law to be present in such building.  This abuse took place throughout the entire building, including in the classrooms, in the halls, on the playground, in the lunchroom, and on the school bus to and from school.

89.     That the Defendants had actual knowledge of the abuse suffered by Mickayla.  Ms. Brown informed the Defendants of the abuse against Mickayla many times.

90.     That Mickayla was deprived of the usual, happy pursuits that children of a like age enjoy.

91.     That the Defendants, and each of them, were grossly negligent in failing to follow the Defendants own protocol and procedures in responding to complaints of harassment of Mickayla, in failing to follow the Defendants own protocol and procedures under the circumstance set forth above, and in failing to do what was incumbent to do under the circumstances.

92.     That the Defendants' gross negligence proximately caused the Plaintiffs' injuries and damages.

93.     That the Defendants are owing to the Plaintiffs for damages.

Wherefore, having fully set forth her allegations against the Defendants, and each of them, Plaintiffs respectfully requests the following relief:

1.     Compensatory damages for emotional trauma and physical trauma caused to Mickayla directly and proximately caused by the Defendants' unlawful conduct,
2.     Compensatory damages for disruption and loss of educational opportunities for Mickayla,
3.     Compensatory damages for the emotional distress and illnesses suffered by the Plaintiffs,
4.     Actual damages and presumed damages,
5.     Punitive damages against the Defendants Young and Fennell,
6.     Attorney fees, expert fees and costs, and
7.     For such other relief as the Court deems just and appropriate.

Plaintiffs Hereby Demand a Jury Trial.

Respectfully submitted:

By:/s/ Lawrence C. Kobrovsky
Lawrence C. Kobrovsky, FED ID#: 5294
PO Box 1726
Charleston, SC 29401
PH: (843) 853-3703
FAX: (843) 853-2331

and

By: /s/ Stephen F. DeAntonio
Stephen F. DeAntonio, FED ID#: 1049
DeAntonio Law Firm, LLC
11 Broad Street
P.O. Box 815
Charleston, SC 29402
PH: (843) 577-8080
FAX: (843) 577-4188

March 10, 2009
Charleston, South Carolina