UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Hester Gasque, individually, Leslie Brown, individually and as mother and legal guardian of Mickayla S. Brown, her minor daughter, ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) Williamsburg County School District, ) Ernestine Young, in her individual capacity, ) and Ralph C. Fennell, Jr., in his individual ) capacity, ) ) Defendants. ) ) | Civil Action No.: 4:07-cv-01757-RBH<br><br><br><br><br><br><br>**ORDER** |

Pending before the court is the defendants' [Docket Entry #80] Motion in Limine filed on October 2, 2009. The plaintiffs' filed their [Docket Entry #90] Response in Opposition of the Motion in Limine on October 12, 2009. The court has reviewed the defendants' motion, the plaintiffs' response, and the applicable law, and sets forth its findings regarding each type of evidence at issue as follows:

**The Order from Family Court Case No.: 07-DR-45-227**

Based on the information submitted, the court finds that the Order from the Family Court Case No.: 07-DR-45-227 should be excluded under Rule 403 of the Federal Rules of Evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although the Family Court order has no collateral estoppel or preclusive effect as to the defendant, it is relevant evidence because it tends to prove essential elements of the plaintiffs' claims. The Family Court Order asserts that Ernestine

Young did in fact report the plaintiffs to the South Carolina Department of Social Services, which is central to the plaintiffs' defamation and abuse of process claims.

However, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403.  The Fourth Circuit Court of Appeals has held that "judicial findings of fact 'present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice.'" *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (citing *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1125, 1186 (D.C. Pa. 1980)); *see also Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994) (stating that the probative value of the judge's opinion would be substantially outweighed by the danger of unfair prejudice, "because the judge's opinion decided the precise issue before the jury").  In the case presently before the court, the Order sets forth the Family Court's finding of fact that the defendant, Ernestine Young, initiated and reported the unfounded Child Protective Services Report.  The plaintiffs admit this is an essential element of their abuse of process claim.  However, the defendants deny they made the report to DSS and were not given an opportunity to participate in the Family Court proceedings.  Therefore, this court finds the Order should be excluded under Rule 403 as unduly prejudicial, due to the likelihood of the jury placing too much weight on the Family Court's finding of fact.

Additionally, both parties submitted arguments pertaining to whether the Family Court Order qualifies as hearsay.  A determination of that claim is not necessitated at this time because the above ruling under Rule 403 is dispositive of the entire issue.

**Testimony and Evidence Concerning the Decision not to Pursue Counterclaims**

The defendants argue in their motion that the testimony and evidence pertaining to the defendant Young's decision not to pursue counterclaims to the plaintiffs' second amended complaint should be excluded from trial under Rules 401, 402 and 403 of the Federal Rules of Evidence.  In their response to the defendants' motion, the plaintiffs contend that the defendants' statements in the deposition testimony are admissible under these rules because the statements are (1) relevant in proving the essential elements of their abuse of process cause of action; and (2) highly probative as to who reported the allegations of abuse.  The plaintiffs assert that the purpose of the statements is not to explore the defendants' reasons for not pursuing the counterclaims but to shed light on the abuse of process cause of action.

Reference to the term "counterclaim" and any evidence concerning a decision not to pursue a counterclaim should be excluded as it is confusing and misleading to the jury under Rule 403, and irrelevant under Rules 401 and 402.  Moreover, questions regarding whether the defendant Young previously filed a counterclaim and withdrew it would not be proper for the reasons argued by the defendants in their memorandum.  However, general questions such as whether the defendants have any rational basis to believe or not believe that the plaintiffs themselves made the false report may be relevant.  Because it is unclear to the court at this stage which particular statements are going to be presented and how they are going to be used at trial, Counsel may raise the issue again if necessary with the court.

**Testimony and Evidence Concerning Damages for "Lost Educational Opportunities"**

The plaintiffs are prohibited from presenting testimony or seeking damages for "lost educational opportunities."

The defendants allege that neither this federal court nor South Carolina courts recognize an educational malpractice claim. The defendants cite *Hendricks v. Clemson University*, 578 S.E.2d 711 (S.C. 2003), in support of this claim. In their response, the plaintiffs fail to address or even acknowledge the defendants' argument. Therefore, the court assumes that the plaintiffs either agree with or do not dispute the arguments of the defendants pertaining to this evidence.

### **Testimony and Evidence Concerning Damages for Litigation Induced Stress and Anxiety**

The defendants argue, and the plaintiffs agree, that damages for litigation induced stress and anxiety are not compensable. The plaintiffs consent to an order prohibiting such evidence. Therefore, no evidence may be introduced pertaining to damages for litigation induced stress.

### **Conclusion**

For the reasons stated above, the defendants' Motion in Limine is GRANTED in part and DENIED in part.[1][2]

**IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

October 22, 2009
Florence, South Carolina

---

[1] The court did not believe that a hearing was necessary, however, the parties are not precluded from rearguing their positions again if necessary at trial.

[2] The court was advised by Counsel that the plaintiffs were intending to go forward on only some of their claims. If such is the case, the court would appreciate being advised of which specific claims prior to trial.