1.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

RECEIVED
USDC CLERK, FLORENCE, SC

2009 OCT 27  P 1:51

| | |
|---|---|
| Hester Gasque, individually, Leslie Brown, individually and as mother and legal Guardian of Mickayla S. Brown, her minor daughter,<br><br>    Plaintiffs,<br><br>vs.<br><br>Williamsburg County School District, Ernestine Young in her individual capacity, and Ralph C. Fennell, Jr., in his individual capacity,<br><br>    Defendants. | C.A. No. 4:07-CV-1757-RBH<br><br>**PETITION FOR APPROVAL OF MINOR SETTLEMENT** |

Your Petitioner, Leslie Brown, would respectfully show the following:

1. That she is the mother and guardian of the minor Plaintiff, Mickayla Brown, a female minor child under the age of 18 years; that both she and the minor Plaintiff named herein are residents of the County of Williamsburg, State of South Carolina, and have submitted to the jurisdiction and venue of this Court.

2. That from September to November 8, 2006, Mickayla Brown was a student housed D.P. Cooper Elementary School in the Williamsburg County School District ("WCSD").

3. That from September of 2006 through November 8, 2006, the minor Plaintiff, a then eleven year old African-American female, was allegedly the victim of a racially hostile education environment at D.P. Cooper Elementary School that she alleged the principal

was deliberately indifferent to and included being called profane names and racial slurs.

4.  That the Petitioner is informed and believes that this caused Mickayla Brown physical and mental injuries, and made her subject to a racially hostile educational environment, and a physical invasion of privacy as a result of a false and retaliatory Department of Social Services report and investigation. The investigation resulted from an alleged report by the principal of D.P. Cooper Elementary School that Mickayla Brown, an eleven year old female, was physically abused, including being tied to a chair and whipped with an electrical cord by her maternal grandmother, Hester Gasque, and knowingly allowed to have sexual relations with an adult male by the Petitioner, Leslie Brown. The principal denied making the report and the Department of Social Services investigation concluded that the allegations of physical and sexual abuse were false and unfounded.

5.  That the Petitioner is informed and believes that the minor has made substantial recovery given the nature of her injuries.

6.  That the Petitioner is informed and believes that as a result of said incident and injuries, the minor is entitled to recover damages therefore. Accordingly, a civil action was filed on the minor's behalf by his mother and guardian, in the U.S. District Court for the District of South Carolina, Florence Division, Civil Action No. 4:07-CV-1757-RBH, against Williamsburg County School District, Ernestine Young, and Ralph C. Fennell, Jr., seeking recovery of damages for Mickayla's injuries.

7.  Defendants deny liability for the alleged injuries but propose to compromise and settle the claim. The terms of the settlement call for the payment forthwith of the sum of Thirty-Five Thousand and no/100 Dollars ($35,000.00), to be distributed as shown on the Disbursement Form attached as **Exhibit A**. Said settlement would be for and in

consideration of all claims by the minor, Mickayla Brown, against Williamsburg County School District, the Williamsburg County School District Board of Trustees, Ernestine Young, and Ralph C. Fennell, Jr., and their past, present, and future trustees, officers, directors, attorneys, agents, servants, representatives, employees, political subdivisions, subsidiaries, affiliates, partners, predecessors and successors in interest and assigns.

8. That Petitioner and the minor have been, and are now represented by counsel, Larry Kobrovsky, Esq. and Steven DeAntonio, Esq.

9. That Petitioner and/or counsel for Petitioner and the minor have made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident in which the minor was injured, the responsibilities therefore, and the nature, extent and seriousness of the minor's injuries. Petitioner fully understands that if the compromise herein proposed is approved by the Court and is consummated, the minor will be forever barred and prevented from seeking any further recovery even though his injuries might in the future prove to be more serious than they are now thought to be.

10. That Petitioner is of the opinion that the proposed compromise and settlement is fair and reasonable, and in the best interest of the minor, and Petitioner has also been so advised by counsel.

11. That Petitioner is informed and believes that the sum in settlement is well within the range of any verdict that might be rendered in favor of the minor if this action were to be tried, and that said settlement eliminates the risk of no recovery in this action.

WHEREFORE, Petitioner prays that this Court issue an Order approving the Minor Settlement herein; that the representative of Defendants be authorized to pay Mickayla Brown and :Leslie Brown, as natural mother and guardian of Leslie Brown, the net sum of

Thirty-Five Thousand and no/100 Dollars ($35,000.00); that Petitioner be authorized to receive said sum on behalf of Mickayla Brown, and upon receipt of said sum, the Petitioner as natural mother and guardian for said minor, be authorized to execute a full and final release of Williamsburg County School District, the Williamsburg County School District Board of Trustees, Ernestine Young, and Ralph C. Fennell, Jr. for any and all claims or causes of action of the aforesaid minor and Mickayla Brown, natural mother and guardian Leslie Brown, on behalf of minor and individually, arising out of the aforesaid incident.

Sworn to and subscribed before me this 27th day of October, 2009

_____
Notary Public for South Carolina
My Comm'n expires: Aug 28, 2017

Respectfully submitted,

_____
Leslie Brown, as mother and guardian of Mickayla Brown

We, Lawrence C. Kobrovsky and Stephen F. DeAntonio, attorneys for the Petitioner and minor, approve the foregoing petition and the settlement set forth therein.

_____
Lawrence C. Kobrovsky

_____
Stephen F. Antonio

October 27, 2009